IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:18-CV-0280-L-BH |
| | § | |
| **JOHN H. KNOWLES,** | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated July 29, 2021 (doc. 20), before the Court is the plaintiff's *Motion for Default Judgment*, filed March 17, 2021 (doc. 18). Based on the relevant filings and applicable law, the motion for default judgment should be **DENIED**.

### I. BACKGROUND

On March 16, 2007, John H. Knowles, DDS (Defendant), a sole proprietorship (Borrower), and CIT Small Business Lending Corporation (Lender), entered into a loan agreement (Loan Agreement); Borrower executed a promissory note (Note) payable to Lender in the original principal amount of $270,000.00 (Loan) at an interest rate that fluctuates. (docs. 1 at 1-2; 1-1 at 11-19.)[1] Defendant signed the Loan Agreement and Note as the owner of "John H. Knowles, DDS." (docs. 1 at 2; 1-1 at 12, 19.) On the same day, Borrower executed an agreement that granted Plaintiff a security interest in certain collateral and real property to secure repayment of the Loan (Security Agreement). (doc. 1-1 at 21-29.) The Security Agreement identifies "John H. Knowles, DDS" as a sole proprietorship, and Defendant signed it as the owner of "John H. Knowles, DDS." (docs. 1 at 2; 1-1 at 21, 28.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

The United States Small Business Administration (SBA) guaranteed 75% of the Loan under section 7(a) of the Small Business Act, 15 U.S.C. § 631 *et seq.*, and is the owner and holder of the Note. (docs. 1 at 1-2; 1-1 at 2.)  The Note is currently in default, and Defendant has failed and refused to pay the full amount due under the Note despite notice and demand. (doc. 1 at 2.)[2]  As of December 14, 2016, Defendant was indebted to the United States of America (Plaintiff) for $165,820.32[3]. (docs. 1 at 2; 1-1 at 32.)

On February 2, 2018, Plaintiff filed this civil action against Defendant, seeking a judgment for the outstanding principal on the Note, all costs and expenses incurred in this action, and post-judgment interest at the applicable federal rate. (doc. 1 at 3.)  A summons was issued for Defendant on the same day this action was filed. (doc. 5.)  On April 25, 2018, Plaintiff properly served Defendant. (doc. 7.)

Defendant did not answer or respond to the complaint, and instead filed for Chapter 13 bankruptcy on May 10, 2018. (doc. 9)  After Plaintiff filed a notice of related bankruptcy proceeding, the district court ordered an automatic stay under 11 U.S.C. § 362 and administratively closed this case on February 12, 2019. (doc. 12)  On March 12, 2021, this case was reopened after Defendant's Chapter 13 bankruptcy petition was dismissed. (doc. 14.)  On the same day, Plaintiff sought entry of default (doc. 17), which the Clerk of Court entered on March 16, 2021 (doc. 17).

## II.  MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure.

---

[2] The defaulted loan was initially referred for litigation to the Secretary of Treasury, Financial Management Service (Treasury) under 31 U.S.C. § 3711(g)(1), and then to the Department of Justice (DOJ) under § 3711(g)(4)(C). (doc. 1 at 2-3.)

[3] The total debt is made up of $123,727.47 in principal, $37,118.24 in "DMS fees," and $4,974.61 in "DOJ fees." (doc. 1-1 at 32.)

(doc. 18.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendants have failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on them, the first two requisites for a default judgment have been met. (docs. 4, 6, 7.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

A.    **Procedurally Warranted**

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL

4

PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks a judgment against Defendant for the total aggregate amount of $138,957.88 and post-judgment interest. (doc. 18 at 2.) It attaches a certificate of indebtedness showing that, as of December 15, 2020, Defendant was indebted to the SBA in the amount of $138,957.88, which consists of the unpaid principal balance of $81,848.56 and unpaid interest of $57,109.32. (doc. 19 at 3.)[4]

Under the first factor, although the total amount requested could be considered substantial, that "is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016). Regarding the second factor, there are no material issues of fact in dispute, since Defendant has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default

---

[4] Plaintiff also includes a copy of a military service declaration and a status report from the Department of Defense Manpower Data Center showing that Defendant is not in the military. (*See* doc. 16 at 3-6.)

judgment.'") (citations omitted). The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that his failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893

Because Defendant was properly served in this action and failed to answer or otherwise defend himself, the grounds for default judgment are clearly established. (*See* docs. 7, 16.) Accordingly, default judgment is procedurally warranted.

B.   **Sufficient Factual Basis**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import

6

Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Plaintiff seeks recovery for Defendant's default on the Note. (*See* docs. 1 at 3; 18.) Generally, federal agencies with debts that have been delinquent for more than 180 days are required to refer those debts to the Treasury for collection. *See* 31 U.S.C. § 3711(g)(1). The Treasury may then refer the delinquent debt to the DOJ for litigation under 31 U.S.C. § 3711(g)(4)(C). In order to recover on the Note, Plaintiff must establish that (1) Defendant executed the Note; (2) it is the present owner or holder of the Note; and (3) the Note is in default. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (citing *FDIC v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1993)); *see also United States v. Salinas*, No. 7:19-CV-263, 2020 WL 1854784, at *3 (S.D. Tex. Apr. 13, 2020) ("To recover on a promissory note, the United States must establish that (1) the defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default.").

Plaintiff alleges that Defendant "signed the Note as the Owner of John H. Knowles, DDS"; "SBA is the owner and holder of the Note"; and the Note is currently in default. (doc. 1 at 2.)[5] It also alleges that the "delinquent debt" was referred for collection and litigation under 31 U.S.C. § 3711(g). (*Id.* at 2-3.) It attached copies of the Loan Agreement, Note, and Security Agreement to its complaint. (*See* doc. 1-1 at 2-30.) It also attached two different certificates of indebtedness to its complaint and motion for default judgment, showing that Defendant is indebted to Plaintiff. (*See*

---

[5]As discussed, Plaintiff alleges that Borrower is a sole proprietorship and that Defendant is the sole proprietor. (*See* doc. 1 at 1-2.) "In Texas, a sole proprietorship has no separate legal existence apart from the sole proprietor, who remains personally liable." *Galderma Lab'ys LP v. Adams*, No. 4:20-CV-00260-P, 2020 WL 10893186, at *6 (N.D. Tex. Dec. 8, 2020) (citing *Ideal Lease Serv., Inc. v. Amoco Prod. Co., Inc.*, 662 S.W.2d 951, 952 (Tex. 1983) (stating that a sole proprietorship is "in law and in fact, one and the same as [the sole proprietor] because a sole proprietorship has a legal existence only in the identity of the sole proprietor")); *see also W. Alliance Ins. Co. v. N. Ins. Co. of N.Y.*, 176 F.3d 825, 833 & n.2 (5th Cir. 1999) (characterizing distinctions between a sole proprietor and his sole proprietorship as "legally irrelevant").

docs. 1-1 at 32; 19 at 3.) Plaintiff's allegations and evidence sufficiently show that Defendant executed the Note, it is the current holder of the Note, and the Note is in default. *See Lawrence*, 276 F.3d at 197.

C.   **Appropriateness of Relief**

In awarding relief, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n. 3 (5th Cir. 1975). Damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits; a hearing is unnecessary, however, if the amount of damages can be determined with a mathematical calculation by reference to the pleadings and supporting documents. *See James*, 6 F.3d at 310. The plaintiff has the burden to provide an evidentiary basis for the damages it seeks. *Broadcast Music, Inc. v. Bostock Billiards & Bar Assoc.*, No. 3:12-CV-413-B, 2013 WL 12126268, at *3 (N.D. Tex. Jan. 18, 2013).

Plaintiff's complaint requests judgment against Defendant in the amount of $165,820.32 "for the outstanding principal on the Note, all costs and expenses incurred in this action" and "post-judgment interest at the legal rate." (doc. 1 at 2-3.) Attached to its complaint is a certificate of indebtedness signed by a Financial Program Specialist with the Treasury, certifying that as of December 14, 2016, Defendant was indebted to Plaintiff for $165,820.32, which represents $123,727.47 in principal and $42,092.85 in costs incurred by the Treasury and DOJ. (*See* doc. 1-1 at 2-32.) Plaintiff's motion for default judgment requests judgment against Defendant in the amount of $138,957.88 for the outstanding principal and accrued interest on the Note and post-judgment interest. (doc. 18 at 2.) Attached to its motion is a certificate of indebtedness signed by the SBA

8

Assistant Director of Center Operations, certifying that as of December 15, 2020, Defendant was indebted to the SBA in the amount of $138,957.88, which represents $81,848.56 in principal and $57,109.32 in accrued interest. (doc. 19 at 3.)

The requested relief appears to differ in kind from what is demanded in the pleadings. Even though Plaintiff's complaint and motion for default judgment both request the unpaid principal balance due on the Note and post-judgment interest, the complaint also requests "all costs and expenses incurred in this action," while the motion also requests accrued interest. (*See* docs. 1 at 3; 18 at 2.) Additionally, the record is devoid of any evidence showing when Defendant defaulted on the Note, how the requested costs were incurred by the Treasury and DOJ in this action, and what interest rate applied. Without this information, the amount of judgment cannot be reliably computed from the record. Because the requested relief differs in kind from what is demanded in the pleadings, and Plaintiff fails to present sufficient evidence to support the relief requested, its motion for default judgment should be denied.

### III.  RECOMMENDATION

Plaintiff's motion for default judgment should be **DENIED without prejudice.**

**SO RECOMMENDED** on this 9th day of March, 2022.

                                                              *Irma Carrillo Ramirez*
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE

9

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE