IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:18-cv-00280-L** |
| | § | |
| **JOHN H. KNOWLES,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Supplemental Brief and Evidence on Damages in Support of Plaintiff's Supplemental Motion for Default Judgment ("Brief") (Doc. 28), filed December 13, 2022. Plaintiff filed the Brief following the court's order (Doc. 27) of November 15, 2022, requiring additional briefing to provide the court with sufficient information to show damages in certain amounts. As the court's previous orders found that Plaintiff established Defendant's liability, the only remaining determination was the amount to which Plaintiff is entitled. *See* Docs. 24, 27. After review of the Brief, the court **determines** that Plaintiff has presented sufficient evidence to show the court the specific amount of damages to which it is entitled. Accordingly, the court **grants** Plaintiff's Supplemental Motion for Default Judgment (Doc. 26).

## I.    Background

On February 2, 2018, the United States ("Plaintiff") filed its Complaint (Doc. 1) seeking relief against Defendant John H. Knowles ("Defendant"). Doc. 1. On March 16, 2007, Defendant, a sole proprietorship (Borrower), and CIT Small Business Lending Corporation (Lender), entered into a loan agreement (Loan Agreement), and Borrower executed a promissory note (Note) payable

**Memorandum Opinion and Order – Page 1**

to Lender in the original principal amount of $270,000 (Loan) at a fluctuating interest rate. Doc. 23 at 1. Defendant signed the Loan Agreement and Note as the sole owner of "John H. Knowles, DDS," and "[o]n the same day, Borrower executed an agreement that granting Plaintiff a security interest in certain collateral and real property to secure repayment of the Loan." *Id*. The security interest agreement identifies "John H. Knowles, DDS" as a sole proprietorship, and Defendant signed the agreement as the owner of "John H. Knowles, DDS." *Id*. The United States Small Business Administration ("SBA") guaranteed 75% of the Loan, and it is the owner and holder of the Note, which is currently in default. *Id*. at 2. Defendant has failed and refused to pay the amount due despite Plaintiff's notice and demand. *Id*.

Plaintiff then filed this action, seeking damages of $123,727.47 in principal with $42,092.85 in administrative fees, for a total of $165,820.32. Doc. 28 at 1. Although properly served, Defendant did not answer or otherwise respond to the Complaint but instead filed for Chapter 13 bankruptcy on May 10, 2018, and this case was administratively stayed during that proceeding. Doc. 23 at 2. On December 9, 2020, Plaintiff noticed the court that Defendant's bankruptcy case was dismissed earlier that year (Doc. 13), and the clerk of court entered default against Defendant on March 16, 2021. Doc. 17. Plaintiff then filed its Motion for Default Judgment on March 17, 2021, and the court granted that Motion as to liability on March 24, 2022, but ordered Plaintiff to provide supplemental briefing to prove the certain amount of damages. Doc. 24. Plaintiff did so, and now equipped with Plaintiff's supplemental briefing and evidence, the court can determine the specific amount of damages.

**Memorandum Opinion and Order – Page 2**

## II.     Analysis

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). In the context of a default judgment, "[d]amages may not be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); however, "[w]he[n] the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents and where a hearing would not be beneficial, a hearing in unnecessary." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 2009).

In its Brief, Plaintiff asserts that it and Defendant entered into a business loan guaranteed by the SBA for a principal amount of $270,000, with interest accruing at prime plus 2.75%, evidenced in part by the Note. Doc. 28 at 1. Defendant defaulted on the Note on November 1, 2012, and proceedings began to collect on the debt. *Id*. at 3. After multiple inter-governmental transfers of responsibility, the SBA now has responsibility for collecting the Note, and executed a Certificate of Indebtedness ("COI") on March 25, 2022, showing that Defendant owed $81,484.56 in principal and outstanding interest of $63,365.69, calculated at 6.00% fixed from the time of the earliest uncured payment default. *Id*. at 3-5. The COI stated that in addition to the outstanding interest, pre-judgment interest accrued at $13.45 per day. *Id*. at 4.

For its breach of promissory note claim, Plaintiff seeks to recover $144,850.25 for actual costs incurred as of March 25, 2022, plus prejudgment interest of $13.45 per day after March 25, 2022 to the date of judgment, along with all court costs incurred in this action and postjudgment interest at the legal rate. Doc. 28 at 4. To show these certain amounts, Plaintiff attached to the Brief

the Note, an affidavit of Mr. Kevin Hardy, Assistant Center Director for the National Guarantee Purchase Center in the United States Small Business Administration, the SBA certain transcript of account ("Lender TOA"), and the March 25, 2022 COI.

As the court has previously determined, Plaintiff's pleadings establish Defendant's liability by showing that Defendant failed to submit payment as required by the Note; that Defendant breached his obligations under the Note by failing to repay the indebtedness due; and that as a result of Defendant's failure to make the Note payments, Plaintiff has suffered damages. The court now finds that Plaintiff, through its supplemental briefing and detailed exhibits, has shown its damages in the amount of **$144,850.25**. Defendant is, therefore, liable for breach of the Note, and the court finds that the amount requested by Plaintiff (**$144,850.25**) is supported by the evidence. Because the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, the court concludes a hearing is unnecessary. Accordingly, Plaintiff is entitled to recover from Defendant **$144,850.25** in actual damages, plus additional prejudgment interest of **$13.45** per day from March 25, 2022, January 23, 2023, in the amount of **$4,088.80**.

Finally, federal courts award postjudgment interest pursuant to 28 U.S.C. § 1961. The statute allows interest "from the date of the entry of the judgment" at a rate "equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Postjudgment interest compounds annually and is "computed daily to the date of payment." *Id.* § 1961(b). The principal for calculating post-judgment interest is "the entire amount of the final judgment," including attorney's fees, costs, and prejudgment interest. *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991). The postjudgment interest amount for the calendar week preceding the date of judgment is 4.70

**Memorandum Opinion and Order – Page 4**

percent. United States District Court for the Northern District of Texas, Publications - Post Judgment Rate (January 20, 2023),  http://www.txnd.uscourts.gov/publications/pjrate.html (reporting  that  the current postjudgment interest rate from January 16, 2023, to January 22, 2023, is 4.70 percent). Postjudgment interest will apply to the total amount of the judgment and will be calculated from the date judgment is entered at the applicable federal rate of 4.70% until it is paid in full.

### III.    Conclusion

For  the  reasons  explained,  Plaintiff's  Supplemental  Motion  for  Default  Judgment (Doc. 26) is **granted**. Accordingly, the court will enter a default judgment in favor of Plaintiff in the amount of **$144,850.25** in actual damages, plus **$4,088.80** in prejudgment interest on this amount calculated at a rate of **$13.45 per day** from March 25, 2022, to January 23, 2023; and postjudgment interest on the entire amount of the judgment **($148,939.05)** at the current federal rate of **4.70%** per annum from the date of judgment until it is paid in full. The court also taxes all reasonable and allowable costs against Defendant. All other relief not expressly granted is **denied.** In accordance with Rule 58 of the Federal Rules of Civil Procedure, a default judgment will issue by separate document.

**It is so ordered** this 23rd day of January, 2023.

Sam A. Lindsay
United States District Judge